[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that the respondent improperly deprived him of prospective good time. The facts are not in dispute. The petitioner is serving a sentence of thirty-eight (38) years since July of 1985. As of July 6, 1994 Administrative Directive 9.4 was revised. The revision provided that inmate assigned to Administrative Segregation Status will not be allowed to earn statutory good time. The petitioner was, on July 6, 1994 and subsequently, assigned to Administrative Segregation. His claim is that C.G.S. § 18-7a(c) grants him automatic good time which the CT Page 2859 respondent is improperly depriving him. Nichols v. Warren,209 Conn. 191, 196-8.
"According to the plain language of § 18-7a(c), the commissioner may award good time credits at his discretion."Nichols v. Commissioner of Correction, 43 Conn. App. 176, 180cert. denied 239 Conn. 937 (1996). "Nichols does not conclude that § 18-7a(c) compels the automatic award of good time credits, but rather concludes that once an inmate has become eligible to earn statutory credits, such credits cannot be surrendered before they are earned. We therefore conclude that § 18-7a(c) does not give the petitioner a liberty interest in good time credits he has not yet earned. Id., 181.
For the above reasons the petition is dismissed.
Corrigan, J.T.R.